Arnold G. Pence v. Commissioner.
Pence v. Commissioner
Docket No. 57480.
United States Tax Court
T.C. Memo 1956-190; 1956 Tax Ct. Memo LEXIS 102; 15 T.C.M. (CCH) 1003; T.C.M. (RIA) 56190; August 20, 1956
*102 Held, that petitioner has failed to sustain the burden of proving that over half of the support of either of his two children was received from him for the taxable year in question. Charles E. Lomas, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioner for the year 1951 in the amount of $269. The only question involved is whether petitioner sustained the burden of proving that over half of the support of either or both of his children was received from him for the taxable year 1951. Findings of Fact The petitioner *103 is an individual residing in the City of La Harpe, Illinois, who for the calendar year 1951 filed an individual income tax return with the then collector of internal revenue for the eighth district of Illinois. The petitioner was living with his wife, the former Rowena Pence, and their two children, Sidney Lee and Arnell Rhodena Pence, until June of 1948, when the parties were divorced. The petitioner's former wife, Rowena, married her second husband, James D. Luder, in 1950, after which her children by her former marriage (Sidney Lee and Arnell Rhodena Pence) resided with her and her second husband during the year 1951. During the year 1951, James D. Luder contributed not less than $1,000 toward the support of each of the said children of the petitioner. Opinion The only question involved is whether or not petitioner is entitled to a dependency exemption for either or both of his children for the year 1951. The material provisions of section 25 of the Internal Revenue Code of 1939 are as follows: "SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
"(b) Credits For Both Normal Tax and Surtax. - "(1) Credits - There shall be allowed for the purposes of both *104 the normal tax and the surtax, the following credits net income: * * * "(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year. * * *
"(3) Definition of Dependent. - As used in this chapter the term 'dependent' means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: "(A) a son or daughter of the taxpayer, or a descendant of either, * * *" No evidence was presented by or on behalf of petitioner and there is nothing in the record to indicate that any of the support of either child was received from him for the year 1951. On the other hand, the mother and stepfather of the children have established by their testimony that the stepfather contributed a little over a thousand dollars to the support of each of the children for the year in question. It is obvious that petitioner *105 has failed to meet the burden of proving that over half of the support of either or both of said children was received from him for the year 1951. Decision will be entered for the respondent.